190 So. 226

INTRAVIA et al. v. DIXIE HOMESTEAD
ASS'N et al.

No. 35101.

May 29, 1939.

M. C. Scharff, Jas. J. Landry, and Geo. Montgomery, all of New Orleans, for appellant.

John E. Jackson and Baldwin J. Allen, both of New Orleans, for appellees.

LAND, Justice.

Plaintiffs alleging themselves to be the sole owners and operators of the Economy Grocery being conducted at municipal number 4829 Prytania Street, New Orleans, and that this business had been operated by them in that location since August 10, 1932, brought the present suit against the Dixie Homestead Association and Maurice J. Hartson, Civil Sheriff for the Parish of Orleans, for damages against defendants, in solido, in the sum of $10,000, for an alleged illegal seizure of plaintiffs' grocery business, at the instance of the Dixie Homestead Association, on a judgment that had been obtained by that Association against Benedict Intravia, the father of plaintiffs.

Before the suit was tried, Maurice J. Hartson, Civil Sheriff for the Parish of Orleans, died and his widow and heirs were substituted as parties defendants.

Judgment was rendered in favor of plaintiffs against all of the defendants, in solido, in the Civil District Court for the Parish of Orleans, for damages in the sum of $750, for the alleged illegal seizure,

with legal interest from judicial demand, and for all costs of suit.

From this judgment, all of the defendants have suspensively appealed to the Supreme Court.

On April 29, 1939, Dixie Homestead Association filed the following Motion To Remand the case to the Civil District Court, Division "B", for the Parish of Orleans:

"On motion of Dixie Homestead Association, defendant and appellant herein, and on suggesting to the Court that since this appeal has been pending in this Honorable Court, new evidence has been discovered which is of vital importance to the issues involved herein and which mover could not, with due diligence, have discovered before; and

"On further suggesting to the Court that the new evidence so discovered shows that the plaintiffs and appellees herein are not the owners of the grocery, the seizure of which resulted in the instant suit for damages, but that said grocery is still owned and operated by mover's judgment debtor, Benedict Intravia, or by the community existing with his wife, Mrs. Benedict Intravia; and

"On further suggesting to the Court that the newly discovered evidence is record evidence in the shape of the judicial allegations of Mrs. Benedict Intravia wife in community with Benedict Intravia, mover's judgment debtor, in the suit entitled 'Mrs. Benedict Intravia v. J. F. Landry', No. 273–974 of the docket of the First City Court of New Orleans, filed on ———— wherein said Mrs. Benedict Intravia alleges that she owns and operates the Economy Grocery at No. 4934 Prytania Street in this city, and that she sold certain merchandise to defendant, Landry, on open account, between October 19th and November 1st, 1938, just a few months after this suit was tried in the Lower Court, the whole as will more fully appear in the certified copy of the petition filed in said suit by Mrs. Benedict Intravia, which is made part hereof," defendant and appellant, Dixie Homestead Association, prays that the case be remanded.

The certified copy of this petition is annexed to the Motion To Remand, but being original evidence tendered for the first time in this court cannot be received and considered here.

For this reason, and for the further reasons, that the new evidence is documentary in character, is material to the issues involved herein, and could not have been discovered before, with due diligence, it is our opinion that mover, Dixie Homestead Association, defendant and appellant, is entitled to have this case remanded to the lower court, as prayed for.

It is therefore ordered that this case be remanded to the Civil District Court for the Parish of Orleans, Division "B", with instructions to the Judge of that Division, to permit the admission of the newly discovered evidence as to who is and was the owner of the seized grocery at the time of the seizure, and to fully investigate the manner and time of the acquisition of that business by Mrs. Benedict Intravia.

FOURNET, J., absent.